IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL L. McCLELLAN,
    Petitioner,

vs.                                    Case No. 3:08cv129/RV/EMT

UNITED STATES PAROLE COMMISSION and
WARDEN of FDC-TALLAHASSEE,[1]
    Respondents.
_____/

## **O R D E R**

This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1). The filing fee has been paid.

It appears that transfer of this case to the Tallahassee Division is appropriate. Petitioner, a federal detainee at the Federal Detention Center in Tallahassee, Leon County, Florida, challenges his detention pending a parole violation hearing before the United States Parole Commission (*see* Doc. 1, attached pages). Petitioner contends that he has fully served his federal sentence, and therefore, his continued detention is illegal. Although jurisdiction and venue are proper in the Northern District of Florida, it appears that the Tallahassee Division is a more convenient forum; therefore, in the interest of justice, this case should be transferred to the Tallahassee Division.

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a) (2007). Habeas corpus proceedings are subsumed under the phrase "any civil action" within meaning of this section providing for transfer of any civil action for the convenience

---

[1] The proper Respondent in a habeas proceeding is the person who has custody over Petitioner. *See* 28 U.S.C. § 2242. In the instant case, Petitioner is being detained at the Federal Detention Center in Tallahassee, Florida, therefore, the Warden of that institution shall be added as a Respondent. *See* 17B The Late Charles Alan Wright, Arthur R .Miller, Edward H. Cooper, Vikram David Amar, <u>Federal Practice and Procedure</u> § 4268.1 (3d ed. 1998).

of parties and witnesses, in the interest of justice.  <u>U. S. ex rel. Meadows v. State of N.Y.</u>, 426 F.2d 1176 (2d Cir. 1970).  Additionally, Rule 3.1(C) of the Local Rules for the Northern District of Florida provides that a case in which venue properly lies in this district may be transferred to another division by order of the court.

Title 28 U.S.C. § 636(b)(1)(A) allows a magistrate judge to determine any pretrial matter except for certain dispositive motions.  Local Rule 72.2 of the Northern District accords magistrate judges in this district virtually the same authority.  Transfers of venue in a case are not one of the named exceptions in the statute or the local rule.  Thus, because a transfer of venue does not address the merits of the case but merely changes the forum of an action, it is a non-dispositive matter that is within the province of a magistrate judge's authority.  *See* <u>Michelli v. City of Hope</u>, No. 93 Civ. 7582, 1994 WL 410964, at *6 n.1 (S.D.N.Y. Aug. 4, 1994); <u>Holmes v. TV-3, Inc.</u>, 141 F.R.D. 697 (W.D. La. 1991); *see also* <u>Harris v. Edward Hyman Co.</u>, 664 F.2d 943, 945 & n.7 (5th Cir. 1981) (acknowledging that motion to remand case to state court may be referred to magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A)).

In the instant case, Petitioner is being detained at a facility in the Tallahassee Division, and his parole revocation hearing will likely be held there.  Additionally, the likely sources of proof, such as documentary evidence and witnesses such as the parole officer, will likely be located there as well.  Therefore, the court considers it to be in the interest of justice to transfer this case to the Tallahassee Division of United States District Court for the Northern District of Florida.  *See* <u>Parker v. Singletary</u>, 974 F.2d 1562, 1582 and n.118 (11th Cir. 1992) (courts should give great weight to the convenience of witness and ease of access to sources of proof when considering habeas transfer).

Accordingly, it is **ORDERED**:

The clerk of court shall forthwith transfer this action to the Tallahassee Division of this District for all further proceedings.

**DONE AND ORDERED** this 2nd  day of April 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No.:  3:08cv129/RV/EMT